[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BY THE DIVISION
After trial by jury petitioner was convicted of possession of narcotics with intent to sell by a non-drug dependent person in violation of General statutes21a-278(b), and conspiracy to distribute narcotics in violation of General statutes 21a-277a and 53a-48a. Petitioner was also charged with failure to appear in the first degree in violation of General statutes 53a-172(a). Just prior to the start of the trial petitioner entered a plea of guilty to this charge. Concurrent sentences of twelve years were imposed on the first and second count and a consecutive sentence of five years was imposed in the failure to appear count. The total effective sentence was seventeen years. CT Page 11192
The facts underlying the drug convictions indicate that a search warrant was executed on the residence of a young woman. Petitioner was attempting to leave the kitchen of the apartment when the officers arrived. He was found to have a message center beeper and $890.00 in cash on his person. Narcotics and other items associated with drug sales were found in the apartment including a loaded pistol.
Prior to trial a hearing was held on petitioner's motion to suppress. After the motion was denied petitioner fled the state and failed to appear in court on a date that he was required to be there.
In seeking a reduction in the sentence petitioner's attorney argued that the sentence was disproportionate. It was stated that petitioner was from a good family and that he had a good education in his native Jamaica, but that he had problems with drugs. The attorney stated that petitioner's sentence was much longer than the others who were arrested with him and much longer than an attorney who had been convicted of the same type of crime.
If the sentence could be reduced petitioner would return to his family in Jamaica.
Speaking on his own behalf petitioner explained his failure to appear in court by saying that he went to visit his pregnant wife in Florida. He also expressed a desire to return to his family.
The state's attorney argued against any reduction. He pointed out that petitioner's co-defendants cooperated with the prosecution. He also pointed out that the maximum sentence was not imposed in the drug charges. The attorney argued that the maximum sentence was warranted on the failure to appear charge under the circumstances of the case.
At the time of sentencing, petitioner was a young man who had elected not to use the material advantages offered to him appropriately but to engage in the pernicious but financially rewarding commerce in drugs. His past criminal record involving the use of fire arms indicates that he could be considered a danger to the public. CT Page 11193
With respect to the consecutive maximum sentence imposed on the wilful failure to appear charge, the sentencing judge noted that petitioner fled the jurisdiction after the jury had been picked and just prior to the start of evidence in complete disrespect to the judicial process. Several months later he was apprehended in Georgia. The sentencing judge considered petitioner's action particularly serious under the circumstances.
Considering all of the factors set forth in Connecticut Practice Book 942 the sentence must be considered appropriate and should not be modified.
The sentence is affirmed.
Purtill, J.
Stanley, J.
Participation by a third judge was waived by stipulation on the record.